ELLIS, Judge:
These consolidated cases arise out of an automobile accident which happened in St. Tammany Parish on June 28, 1971, between an automobile owned and operated by Glen Armstrong and an automobile owned and operated by Thomas Wads-worth. Plaintiff in case No. 9805 is Glen Armstrong, and defendants are Thomas Wadsworth and Manchester Insurance & Indemnity Company, his insurer. Plaintiff in case No. 9806 is Mrs. Georgia Irene Armstrong, who was a guest passenger in her husband’s car, and defendants are Mr. Wadsworth, Manchester, and Government Employees Insurance Company, Mr. Armstrong’s insurer.
After trial on the merits, judgment was rendered in No. 9805 in favor of Mr. Armstrong and against Mr. Wadsworth and Manchester for $2,096.73; and in No. 9806 in favor of Mrs. Armstrong and against Wadsworth and Manchester for $4,000.00, further rejecting her suit as to Government Employees Insurance Company. Wadsworth and Manchester have appealed *677 to this court. Since only one judgment was rendered in the consolidated cases, both will be considered in this opinion and one judgment will be rendered in this court.
Prior to the accident herein, both automobiles were being driven in an easterly direction on Interstate Highway 10, a four lane divided highway with a concrete surface. It was raining and the surface of the highway was wet. Mr. Wadsworth was driving his vehicle at a speed of about 60 miles per hour about 150 to 250 feet ahead of Mr. Armstrong, who was going 50 to 60 miles per hour. Both vehicles were in the right hand lane of traffic.
The accident happened on the Pearl River Bridge, a high double span, two lane bridge being provided for both east bound and west bound traffic. As Mr. Wads-worth was driving up the bridge, his vehicle, for no apparent reason, went out of control. It struck the right hand railing, bounced over and struck the left hand railing, and bounced back to the right hand railing again.
Mr. Armstrong testified that he was afraid to apply his brakes because of the danger of losing control of his vehicle, which was closing the gap between it and the Wadsworth vehicle at a rapid rate. He decided to try to slip between the other car and the right hand railing, but was unable to do so when Wadsworth skidded back toward the right hand railing. Rather than strike Wadsworth, Mr. Armstrong testified that he chose to hit the bridge on the right side. However, despite his testimony that he was some 150 to 250 feet behind Wadsworth when the skid began, he stated that he probably would not have been able to avoid the accident even if the road had been dry, because of the short distance he had in which to avoid the accident.
The district judge found that Mr. Wads-worth was negligent for driving too fast under the highway conditions existing at the time, and that Mr. Armstrong was not negligent. We assume that he was of the opinion that Mr. Armstrong was operating his vehicle at a proper speed and maintaining a sufficient interval.
In this court, defendants allege that the trial court erred in its finding of negligence on the part of Mr. Wadsworth and its failure to find contributory negligence on the part of Mr. Armstrong.
It is argued that standing alone, the fact that Mr. Wadsworth went into a skid, is no basis for concluding that he was operating his vehicle negligently. After hearing the evidence concerning the condition of the highway surface and the weather conditions, the trial judge concluded that Mr. Wadsworth’s speed was excessive under the circumstances, and caused the skid. We find no manifest error in his conclusion.
Neither do we find error in the conclusion that Mr. Armstrong was not contributorily negligent. Despite some inconsistencies in Mr. Armstrong’s testimony, we find that the preponderance of the evidence supports the trial judge’s conclusion that he was not driving at an excessive rate of speed or following too close. We think that Mr. Armstrong was faced with a sudden emergency, to which he did not contribute, and was unable to avoid the subsequent accident.
The judgment appealed from is therefore affirmed at appellants’ cost.
Affirmed.